UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**THELESTER WASHINGTON**                                                                 **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 4:20-CV-P148-JHM**

**OFFICER VICTORIA DAVENPORT et al.**                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thelester Washington filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil-rights action. The complaint and amended complaint in this matter are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed in part and allowed to continue in part. Additionally, Plaintiff will be given the opportunity to amend his complaint.

**I. STATEMENT OF FACTS**

Plaintiff, a pretrial detainee at the Hopkins County Jail (HCJ), filed a complaint naming Victoria Davenport as Defendant in her individual and official capacities. He states that he was booked into HCJ in November 2019 and placed in a maximum security cell with other inmates of his age (50) with no issues. He states that, on April 24, 2020, Defendant Davenport and a non-Defendant officer advised his cell that inmates were being switched around and that Plaintiff and two other inmates would be moving cells. Plaintiff states that they were told that, if they had an issue with the change, they had the option of going to segregation. Plaintiff states that he asked to go to segregation and to speak to Defendant Davenport. He states that Defendant Davenport came, and he explained his reasons not to be placed with inmates who were much younger and "radical." He alleges that Defendant Davenport then "rushed" him in a violent manner, shoving

him against the window. He states that he was "confused as to why she acted in an aggressive manner when I did not give any signs of aggression nor rebellion." He asserts that she jerked his left arm behind his back "very violently" and put handcuffs on him tightly. He states that she continued to handle him as if he were resisting although he "gave no signs of aggression or resistance."

The complaint asks for monetary and punitive damages and injunctive relief in the form of "demoted/public apology."

In the amended complaint,[1] Plaintiff names as Defendants in their official capacities Defendant Davenport, HCJ, and HCJ "Jailer/mail overseer" Mike Louis/Carl Coy. The amended complaint adds a claim that Plaintiff believes that his outgoing legal mail was intercepted after he asked for an incident report. He states as reason for his belief that in another civil action, *Washington v. Madden*, Case No. 4:20-cv-P109-JHM, he received a response within two to three weeks whereas he has not heard anything from the civil suit that he filed in July.[2]

The amended complaint also adds additional allegations regarding the excessive-force claim against Defendant Davenport. The additional allegations are that Defendant Davenport continued to handle him roughly after he was cuffed and ordered him to be placed in a restraint chair. He states that he calmly sat in the restraint chair and showed no resistance. He alleges that during that time two officers apologized to him, stating that all Defendant Davenport had to do "'was take you to segregation like you requested and you had the option to[.]'" He also states that Defendant Davenport apologized, stating "'you have never given me any problems, but do to the circumstance you will be placed in segregation for disciplinary[.]'" Plaintiff states that after the restraint time was over he was placed in segregation and that, on the following Monday,

---

[1] The amended complaint was originally opened as a new action, *Washington v. Davenport*, 4:20-cv-174-JHM. The Court consolidated these two actions and administratively dismissed the second action, *i.e.*, No. 4:20-cv-174-JHM.
[2] The Court presumes Plaintiff to be referring to this case because the complaint (DN 1) is dated July 15, 2020.

Defendant Coy, the disciplinary officer, "apologized for the unnessary actions and proceeded to assign me 10 days of disiplinary, crediting me 3 days." He alleges that Defendant Davenport "using excessive force ending up resulting in cruel and unusual punishment by the disciplinary officer."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claims against HCJ and official-capacity claims*

HCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6,

3

2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Hopkins County that is the proper defendant in this case. *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court will therefore construe the claims against HCJ as brought against Hopkins County.

The claims against Defendants Davenport, Louis, and Coy in their official capacities must be construed as brought against the governmental entity which employs them. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually also brought against Hopkins County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Hopkins County, it is not enough to allege that the plaintiff's harm was caused by a constitutional violation; a plaintiff must also allege that the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff does not assert that any of the alleged constitutional violations occurred because of a Hopkins County policy or custom.  Therefore, the claims against HSJ and the official-capacity claims must be dismissed.

***Individual-capacity claim against Defendant Davenport***

Plaintiff's individual-capacity claim that Defendant Davenport used excessive force will be allowed to continue.

***Outgoing mail claim***

In the amended complaint, Plaintiff sues "Jailer/mail overseer" Mike Louis/Carl Coy in their official capacities.  He claims that he believes that his outgoing legal mail was intercepted after he asked for an incident report.  He states as reason for his belief that in another civil action, 4:20-cv-P109-JHM, he received a response within 2-3 weeks whereas he has not heard anything from the civil suit that he filed in July.

As already discussed, Plaintiff does not state a claim against these Defendants in their official capacities. The Court may allow a *pro se* Plaintiff to amend a complaint to name a defendant in his or her individual-capacity. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]."). However, here, such amendment would be futile and an opportunity to amend will not be allowed. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, and leave to amend should be denied if the amendment would be futile." (internal citations omitted)).

Under the First Amendment, prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). In this case, Plaintiff fails to allege facts showing that he suffered any actual injury as a result of the alleged interception. Moreover, the case that Plaintiff refers to appears to be this case, and no injury to Plaintiff's presentation of this case has occurred. Accordingly, Plaintiff fails to state a claim related to his outgoing mail.

*Claim related to disciplinary segregation*

The incident leading to disciplinary segregation occurred on April 24, 2020, which was a Friday. Plaintiff states that, after the restraint time was over, he was placed in segregation and that on the following Monday, Defendant Coy, the disciplinary officer, "apologized for the unnessary actions and proceeded to assign me 10 days of disiplinary, crediting me 3 days." Coy is only named in his official capacity.

As a pretrial detainee rather than a convicted prisoner, Plaintiff has a Fourteenth Amendment right not to "be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Accordingly, the punitive segregation of a pretrial detainee without due process is sufficient to state a claim that will survive initial screening. *Evans v. Bonner*, No. 18-2726-JDT-CGC, 2019 WL 5269103, at *5 (W.D. Tenn. Oct. 17, 2019) (finding that pretrial detainee's continued detention in administrative segregation in the absence of disciplinary charges is sufficient to state a claim). Pretrial detainees are entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before the imposition of punishment for a disciplinary infraction. The procedural protections required by *Wolff* include advance written notice of the charges, the opportunity to call witnesses and present documentary evidence in one's defense, a written statement by the factfinders of the evidence relied on and the reasons for the disciplinary action, and assistance from a fellow inmate or staff member for illiterate inmates or inmates facing charges involving particularly complex issues. *Wolff*, 418 U.S. at 563-70.

Reading the complaint liberally, it appears that Plaintiff did not receive due process until three days after he had been put into segregation. The Court will allow Plaintiff an opportunity

to amend the complaint to name Defendant Coy in his individual capacity regarding whether his due-process rights were violated by the procedure used to assign him to disciplinary segregation.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claims and claim related to out-going mail are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Hopkins County Jail and Defendant Mike Lewis as Defendants in this action.

**IT IS FURTHER ORDERED** that **within 30 day**s of entry of this Memorandum Opinion and Order, Plaintiff may amend his complaint to add an individual-capacity claim against Defendant Carl Coy. The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of page 2 of the amended complaint (DN 7) for him to add Carl Coy in his individual capacity as a Defendant in this case.

Once the 30-day period has expired, the Court will enter an Order Directing Service and Scheduling Order to govern the claim(s) allowed to go forward.

Date: February 19, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.009